## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA M. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:23-cv-66 |
| | ) | District Judge Stephanie L. Haines |
| MS. CAMACHO, *Primary Care Provider*, | ) | Magistrate Judge Keith A. Pesto |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION

This is a civil rights case brought by Plaintiff, Melissa Ray ("Plaintiff"), who alleges she received inadequate medical treatment, that arose to an Eighth Amendment violation, while she was in custody at the Cambria County Prison from August 16, 2022, to November 22, 2022.[1]  In her Complaint (ECF No. 3), Plaintiff named as Defendants "Ms. Camacho" a medical doctor, Prime Care Medical, Inc., Defendant Camacho's employer, and Warden Christian M. Smith. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

### I.  Procedural Background

On July 13, 2023, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 12), in which he determined Plaintiff's Complaint (ECF No. 3) stated an Eighth Amendment deliberate indifference claim against Defendant Camacho but failed to state claims against Defendants Smith and Prime Care Medical, Inc. The Parties were advised of deadlines for objections to the Report and Recommendation (ECF No. 12) and no objections were filed.  This

---

[1] It is uncertain whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the complained events. While the Fourteenth Amendment covers alleged cruel and unusual punishment for pretrial detainees, an Eighth Amendment analysis is appropriate in both situations.

Court issued a Memorandum Opinion (ECF No. 14) adopting Judge Pesto's Report and Recommendation (ECF No. 12), and Defendants Smith and Prime Care Medical, Inc. were dismissed with prejudice from the case.

Following the Court's Memorandum Opinion, an Answer with affirmative defenses was filed by Defendant Camacho (ECF No. 15) and a pretrial schedule was set (ECF No. 17). On May 28, 2025, Camacho filed a Motion for Summary Judgment (ECF No. 20), a Brief in Support (ECF No. 21), and a Concise Statement of Material Facts ("CSMF") (ECF No. 22). After two extensions Plaintiff filed a Brief in opposition to the Motion for Summary Judgment (ECF No. 28), a Reply to the CSMF (ECF No. 29), a Declaration (ECF No. 30), a Motion for Judicial Notice (ECF No. 31), and a Counter Statement of CSMF (ECF No. 32). Camacho filed a Response to the Counter Statement (ECF No. 33).

On September 29, 2025, Magistrate Judge Pesto issued a second Report and Recommendation (ECF No. 34) proposing that Camacho's Motion for Summary Judgment be granted. Objections were due from Plaintiff by October 16, 2025. No objections were filed, however, on October 14, 2025, Plaintiff filed a Motion for an Extension of Time to file a Response (ECF No. 35). The next day Camacho filed a Response arguing against granting the extension (ECF No. 36). Magistrate Judge Pesto denied Plaintiff's Motion for an extension because the pleading was unsigned (ECF No. 37). Plaintiff appealed Judge Pesto's order (ECF No. 38). In an exercise of discretion, this Court allowed Plaintiff to file Objections to the Report and Recommendation with a deadline of December 5, 2025 (ECF No. 39). On December 4, 2025, Plaintiff filed Objections (ECF No. 40) and on December 8, 2025, Camacho filed a Brief in opposition to the Objections (ECF No. 41).

**II.    Standard of Review**

2

In relevant part, Rule 56 provides:[2]

> A party may move for summary judgment, identifying each claim or defense...on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to particular parts of materials in the record...or...showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(a), (c).

After discovery and upon a motion, Rule 56 requires the entry of summary judgment against a party who "'fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin,* 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could decide it for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.,* 480 F.3d 252, 256 (3d Cir. 2007) (citing *Anderson,* 477 U.S. at 248; *Celotex Corp.,* 477 U.S. at 322-23)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits,

---

[2] In her Objections, Plaintiff often confuses the legal standard for a Motion for Summary Judgment, FRCP 56, with the legal standard for a Motion to Dismiss, FRCP 12(b)(6). To withstand a Motion to Dismiss, a plaintiff must assert a plausible claim based on the facts presented under the legal elements of the claim. This is a different standard from a Motion for Summary Judgment which is the standard of law that will be applied at this stage of the litigation.

depositions, and admissions or answers to interrogatories showing that there is a genuine issue of material fact for trial. *See Celotex,* 477 U.S. at 324. The nonmoving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *See Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir. 1989). However, in deciding a Rule 56 summary judgment motion, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences and resolve all doubts in its favor. *See Woodside v. Sch. Dist. of Phila. Bd. of Educ.,* 248 F.3d 129, 130 (3d Cir. 2001); *Santini v. Fuentes,* 795 F.3d 410, 416 (3d Cir. 2015) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *See Bialko v. Quaker Oats Co.,* 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.,* 44 F.3d 195, 200 (3d Cir. 1995)).

## III.    Analysis

The focus of Plaintiff's Objections is that the Magistrate Judge "abused his discretion" when he made an "objectively unreasonable" determination to dismiss the case. ECF No. 40 p. 2. Plaintiff states that there is no question that she showed actual injury when she suffered in pain for 99 days and then was hospitalized for 4 months after her release from Cambria County Prison. ECF No. 40, p. 2. She states, "[P]laintiff's injuries are sufficient to create a genuine issue of material fact." ECF No. 40, p. 3. Finally, Plaintiff asserts that a jury (fact finder) could reasonably find that Camacho deliberately failed to provide adequate medical care during Plaintiff's 99 days of confinement. ECF No. 40, p. 5.

"Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates." *Rouse v. Plantier,* 182 F.3d

192, 197 (3d Cir.1999).  To establish an Eighth Amendment claim based on inadequate medical care, Plaintiff must produce evidence to support two elements.  First, she must make an objective showing that her medical need was serious.  *See id.*  Second, she must make a subjective showing that Camacho was deliberately indifferent to her serious medical need.  *See id.*  The substantive facts of Plaintiff's medical issues while incarcerated are undisputed.[3]  Though Plaintiff, in her Objections, vigorously asserts that she had a serious medical need, this is an uncontested element and the Court assumes it to be true.  Therefore, it is the second prong, whether Camacho was deliberately indifferent to Plaintiff's serious medical need, that is at issue for the Court's consideration.  Judge Pesto provides the high standard for proving "deliberate indifference".

> To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm. Estelle v. Gamble, 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference may be shown by "intentionally denying or delaying medical care." Estelle, 429 U.S. at 104, 97 S.Ct. 285. "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health,'" Farmer, 511 U.S. at 843, 114 S.Ct. 1970 (quoting Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Under a recklessness standard, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." Farmer, 511 U.S. at 844, 114 S.Ct. 1970.

---

[3] Judge Pesto notes a few disputed details in his Recommendation (*see* ECF No. 34, p. 3).  The Court finds the disputed details non-substantive and inconsequential to its Eighth Amendment analysis.  Plaintiff also disputes the authenticity of Camacho's records in her "Separate Statement of Undisputed Facts" (ECF No. 32, ¶ 1).  Plaintiff states that Camacho's exhibits and documentation are not verified, certified, or supported by declaration, or attested to under penalty or perjury.  Camacho contests this by painstakingly noting that everything submitted had been verified. ECF No. 41, pp. 1-2.  Medical records are also typically known to be self-authenticating.

**(13) Certified Records Generated by an Electronic Process or System.** A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12).

**(14) Certified Data Copied from an Electronic Device, Storage Medium, or File.** Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12).

Fed. R. Evid. 902 (Evidence that is Self-Authenticating).

ECF No. 34, p. 2. Judge Pesto, states that under *Estelle v. Gamble*, Plaintiff must provide some evidence that Camacho knew of Plaintiff's alleged infection with pneumonia and its migration to osteomyelitis and refused to treat it. It is not enough to say that Camacho failed to conduct tests for pneumonia, or even that Camacho refused to conduct tests because she did not consider Plaintiff's reports of her symptoms to demonstrate the presence of the infection. ECF No. 34, p. 2; ECF No. 40, p. 9. To this Plaintiff asserts that Camacho knew of her pneumonia as early as August 18, 2022, and failed to timely treat it. ECF No. 40, p. 9. To substantiate this claim Plaintiff refers the Court to her "Appendage of Exhibits" PCM00482 (ECF No. 28-1, p. 3). The referred-to exhibit is titled "Physician's Mobil X-ray" ordered by Rita Camacho and states:

> Portable frontal upright view of the chest reveals the heart as well as the mediastinum and the trachea and the vasculature to be unremarkable. There is some haziness in the right lower lung obscuring some hemidiaphragmatic costophrenic angle detail. Otherwise, lung fields are clear. Portable multiple views of the right ribs reveal no fracture or dislocation. IMPRESSION: Right lower lung findings of a pneumonia and or contusion with a trace of effusion. No fracture. However, if symptomology persists continued radiographic follow-up throughout therapy is recommended.

Plaintiff states that the exhibit proves that Camacho was aware of Plaintiff's pneumonia but delayed treatment until September 2, 2022, and refers to PCM00630 (ECF No. 28-1, p. 6). This exhibit is a medical order ("Approved 9/5/2022") that states, "changes in bibasilar pneumonia – peribilar changes could reflect acute bronchitis or developing pneumonia." The provider (Jesse Kirsch, PA) ordered a z-pack, Mucinex, and albuterol nebulizing treatments. Eleven days later Plaintiff asserts she was still in pain. ECF No. 40, p. 12. Plaintiff asserts that Camacho persisted in a course of treatment known to be ineffective which violated the Eighth Amendment. ECF No. 40, p. 12. For support Plaintiff cites to cases from other circuits that are not binding on this Court. Plaintiff asserts that at a minimum the non-binding cases provide support that there is a genuine issue of material fact. ECF No. 40, p. 12.

Camacho first vigorously asserts that all discovery produced in this litigation was verified. ECF No. 41, pp. 1-2. Camacho then proceeds to painstakingly detail all the medical treatment that Plaintiff received in response to her complaints while housed at Cambria County Prison. ECF No. 41, pp. 3-6. Plaintiff's course of treatment involved various medical professionals, including Camacho, who according to Plaintiff, became involved in Plaintiff's treatment on August 18, 2022. Camacho doesn't contest the August 18, 2022, treatment notes, nor does she acknowledge it. Instead, Camacho refers to the medical records signed and ordered by other medical providers and states that "[I]t appears that Dr. Camacho first was contacted about complaints by Plaintiff on September 20, 2022." ECF No. 41, p. 4. While the Court acknowledges the different versions of Camacho's treatment dates of Plaintiff, it finds it is a distinction without material difference to its Eighth Amendment analysis. Nevertheless, giving the benefit of the doubt to allegations of the non-moving party, the Court will proceed with the assumption that Camacho took part in Plaintiff's care as early as August 18, 2022. Even so, this Court finds that Camacho's course of treatment for Plaintiff did not demonstrate deliberate indifference to Plaintiff's serious medical condition. Nor does this Court find Plaintiff's exhibits to be any more credible than Camacho's. In fact, though they refer to different parts of their exhibits, much of the documentation is the same.

The Court disposes of the detailed itemization of Plaintiff's medical care already provided in Judge Pesto's Report and Recommendation, ECF No. 34, p. 3, and in Camacho's Response to Objections, ECF No. 41, pp. 3-6. Based on the record, the Court finds that Camacho's treatment of Plaintiff's condition which included ordering medication and x-rays, in-person evaluations, x-ray impressions, repeated lab work, and medical advice, in no way showed a reckless disregard for Plaintiff's well-being. The record shows that pneumonia was a suspected diagnosis but nothing suggests that the treatment received was contrary or ineffective for such a diagnosis or that the

7

suspected pneumonia was treated with deliberate indifference. In fact, the undisputed record shows prescriptive orders and follow up to address Plaintiff's ongoing medical condition. The Court has no basis on which to believe that this course of treatment could be characterized as reckless disregard for Plaintiff's medical needs that were surmised to be potential pneumonia. There is no evidence that Camacho knew of or suspected a diagnosis of vertebral osteomyelitis, which was Plaintiff's eventual diagnosis once released from Cambria County Prison. Therefore, Camacho cannot be found to have treated Plaintiff with reckless disregard as to a condition of which Camacho was unaware. Even if Camacho's medical treatment was found to be negligent on some level, negligence is not enough to rise to an Eighth Amendment deliberate indifference claim.

A "plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The Court of Appeals for the Third Circuit has explained:

> It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference."
> \*\*\*
> "Deliberate indifference," therefore, requires "obduracy and wantonness," *Whitley v. Albers*, 475 U.S. 312, 319 (1986), which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm").

*Rouse*, 182 F.3d at 197 (parallel citations omitted); *see, e.g.*, *Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation."). Thus, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Pearson*, 850 F.3d at 535.

Upon review of the Report and Recommendation (ECF No. 34) and the subsequent

pleadings thereto, pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Magistrate Judge Pesto appropriately determined Plaintiff failed to adequately state a claim of deliberate indifference against Defendant Camacho. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir.2002). Accordingly, the following Order is entered:

## ORDER OF COURT

AND NOW, this ___14___ day of January, 2026, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 34) which is adopted as the Opinion of the Court, IT IS ORDERED that Defendant Camacho's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Clerk of Courts shall mark this case closed.

Stephanie L. Haines
United States District Judge